574 APPELLATE COURTS OF ILLINOIS.

Daniels v. Chicago, B. & Q. Ry. Co. et al., 188 Ill. App. 574.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of statement of facts*. The record does not contain a correct statement of facts, where what purports to be such a statement is merely a statement that certain witnesses testified to certain facts, in substance, as there stated in narrative form.

2. SALES, § 329*—*sufficiency of evidence*. On review of a judgment for the purchase price of goods sold and delivered, evidence in the record as presented *held* to show an original promise by defendants to pay for the articles furnished.

Henrietta G. Daniels, Defendant in Error, v. Chicago, Burlington & Quincy Railway Company and Chicago, Burlington & Quincy Railroad Company, Plaintiffs in Error.

Gen. No. 19,225. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

## Statement of the Case.

Action by Henrietta G. Daniels against Chicago, Burlington & Quincy Railway Company and Chicago, Burlington . & Quincy Railroad Company to recover damages for personal injuries claimed to have been occasioned by the negligence of defendants. The amended statement of claim filed by plaintiff December 12, 1912, alleged that the injuries complained of were sustained January 23, 1911. Defendants' affidavit of merits denied that plaintiff sustained the injuries complained of on or about January 23, 1911, and averred that on or about December 31, 1909, plaintiff was a passenger on one of defendants' trains and in alighting therefrom she slipped and fell, and further

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

averred that any cause of action that may have accrued to her was barred by the statute of limitations. A trial by the court resulted in a finding and judgment against the defendants for three hundred and fifty dollars. To reverse the judgment, defendants prosecute a writ of error.

J. A. CONNELL and S. F. BLANC, for plaintiffs in error.

EARL J. WALKER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

LIMITATION OF ACTIONS, § 115*—*burden of proof*. The statute of limitations is an affirmative defense, and the burden of proving it is upon the party pleading it.

---

### Franz Koch et al., trading as Koch & Company, Appellants, v. John H. Suderwski, Appellee.

#### Gen. No. 19,291.   (Not to be reported in full.)

Appeal from the County Court of Cook County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed October 7, 1914.

### Statement of the Case.

Action in assumpsit instituted in the County Court by Franz Koch, Frank J. Koch, John A. Richert and Arnold Brautigam, trading as Koch & Company, against John H. Suderwski. Plaintiffs filed a declaration consisting of the common counts, and attached

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.